IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

JENEPHIER MISCHELLE SAWYER,

                Plaintiff,

vs.

NANCY A. BERRYHILL,
Acting Commissioner, Social Security
Administration,

                Defendant.

Case No. 16-CV-12-FHM

**OPINION AND ORDER**

Plaintiff, Jenephier Mischelle Sawyer, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

**Standard of Review**

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's October 4, 2014, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Richard J. Kallsnick was held May 21, 2014. By decision dated July 25, 2014, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on December 10, 2015. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 45 years old on the alleged date of onset of disability and 49 on the date of the ALJ's denial decision. She has a General Equivalency Diploma education and formerly worked as a child care provider, receptionist, and data entry clerk. She claims to have been unable to work since July 7, 2010 as a result of back and neck pain, arthritis, hand and shoulder pain, depression, and migraines.

## The ALJ's Decision

The ALJ determined that Plaintiff retains the residual functional capacity (RFC) to perform less than the full range of light work. She can occasionally lift and carry 20 pounds and 10 pounds frequently. In an 8-hour workday she can stand/walk for 6 hours and can sit for 6 hours with normal breaks. There are some additional postural limitations and no work-related limitations due to her affective disorder. [R. 48]. Relying on the testimony of a vocational expert the ALJ found that Plaintiff can return to her past relevant work as a receptionist and data entry clerk and, alternatively, there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was

2

thus decided at step four of the five-step evaluative sequence for determining whether a claimant is disabled with an alternative step five finding. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## **Plaintiff's Allegations**

Plaintiff asserts that the ALJ erred by: failing to recognize her bilateral carpal tunnel syndrom and shoulder problems as severe impairments; failing to include all of the limitations established by her treating physicians; failing to properly analyze all of her impairments; failing to specify what joints were affected by arthritis, and failing to perform a proper credibility analysis.

## **Analysis**

### Consideration of Carpal Tunnel Syndrom and Shoulder Pain

Plaintiff argues that the ALJ erred by failing to include hand and shoulder problems in the list of severe impairments at step two of the evaluative sequence. At step two the ALJ must determine whether Plaintiff suffers from severe impairments. That is all that is required of the ALJ at step two. *Oldham v. Astrue*, 509 F.3d 1254, 1256 (10th Cir. 2007). Once an ALJ finds that a claimant has at least one severe impairment, a failure to designate others as "severe" at step two does not constitute reversible error because, under the regulations, the agency at later steps "consider[s] the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20 C.F.R. §§ 404.1521, 416.921; *see also* 20 C.F.R. §§ 404.1525(e), 416.945(e); *Smith v. Colvin*, 821 F.3d 1264, 1266-67 (10th Cir.

2016), *Mariaz v. Sec'y of Health & Human Servs.*, 857 F.2d 240, 244 (6th Cir. 1987), *Brescia v. Astrue*, 287 Fed. Appx. 626, 629 (10th Cir. 2008).

The court finds no error in the ALJ's findings at step two. Plaintiff's argument is more properly directed at the ALJ's findings concerning the ability to do any work, considering all of her impairments. Those issues are dealt with in determining whether the RFC is supported by substantial evidence.

<u>Limitations Established by Treating Physicians</u>

Plaintiff argues that the RFC is not supported by substantial evidence because the RFC provides she can occasionally lift and carry 20 pounds, whereas her surgeon noted she was "unable to push, pull or lift anything over 10 pounds." [R. 516, 517].

While the ALJ did not note Dr. Sparks' 10 pound lifting restriction, the court observes that Dr. Sparks performed surgery on Plaintiff's neck (anterior cervical discectomy and fusion C-4-C5, C5-C6) on March 10, 2014, just over two months before her May 24, 2014, hearing before the ALJ. Dr. Sparks restricted Plaintiff to lifting 10 pounds on the date of her neck surgery, [Dkt. 510], at her appointment two weeks post surgery, [R. 522], and at six weeks post surgery, [R. 571]. Nothing in Dr. Sparks' records indicate that restriction is intended to be a permanent restriction. Further, the court notes that, although Plaintiff submitted additional records to the Appeals Council, [R. 8-21], none of those records reflect that the lifting restriction is permanent. The court finds that Dr. Sparks' restriction cannot reasonably be read as being a permanent restriction and therefore the ALJ did not err by failing to account for the lifting restriction in the RFC.

4

Analysis of Plaintiff's Impairments

Plaintiff argues that the RFC is not supported by substantial evidence because the ALJ did not include limitations in the use of her hands and right shoulder in the RFC. Plaintiff asserts that the ALJ's summary of the evidence did not fairly depict her problems and, with respect to her credibility, Plaintiff asserts that the ALJ failed to specify why he found her not to be credible and failed to take into account her numerous attempts to obtain relief of her pain and the reported side effects of her medications.

The record must show the ALJ considered all the evidence, but the ALJ need only discuss the evidence supporting the denial decision, along with any "uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects. *Mays v. Colvin*, 739 F.3d 569, 576 (10th Cir. 2014) (quotation omitted). So, failure to discuss a particular finding, or report is not fatal if not uncontroverted, or not significantly probative. In the present case the ALJ noted Plaintiff's complaints related to her right hand, her surgery on that hand, and the post-operative results. [R. 49, 50]. The ALJ did not, however, discuss Plaintiff's complaints of shoulder pain or the difficulties she reported with her left hand and the planned surgery for that hand.

The state agency consultant's opinion on which the ALJ relied to support his RFC determination was dated August 16, 2013, nearly a year before the ALJ entered his decision. During that time numerous additional medical records were generated which include several cervical epidural injections (12/13/2013, 12/31/2013, 1/29/2014), [R. 480, 484, 527], and observations were made by physical therapists of significant range of motion limitations. [R. 409, 413, 415, 417, 420, 421]. The ALJ noted that Plaintiff had surgery on her right hand, but the abnormal EMG report reflects problems existed with Plaintiff's left

hand also, and bilateral weak grips were recorded. [R. 488]. In January 2014, Plaintiff was considering surgery on her left hand. [R. 479]. An MRI of the shoulder revealed no tears, but the record does reflect positive signs and significant pain was observed related to Plaintiff's right shoulder. [R. 525].

Based on the foregoing, the court finds that the ALJ failed to discuss significantly probative evidence. As a result, the court cannot say that the RFC finding is supported by substantial evidence.

<u>Credibility Analysis</u>

The ALJ's failure to fully discuss the medical evidence impacted the credibility determination. On remand, the ALJ should analyze and discuss Plaintiff's credibility, addressing the relevant factors. See *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995)(factors to be considered by ALJ in assessing credibility to include extensiveness of attempts, medical or nonmedical to obtain relief and frequency of medical contacts).

**Conclusion**

The denial decision is REVERSED and the case is REMANDED for further discussion of the medical evidence and consideration and discussion of Plaintiff's credibility in light of the medical evidence.

SO ORDERED this 2nd day of May, 2017.

_Frank H. McCarthy_
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE